

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Nicholas R. Ciappetta
Administrative Law Division
(212) 356-2215
Facsimile: (212) 356-2019
nciappet@law.nyc.gov

June 23, 2016

**BY ECF**
Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   Austria Bueno v. The City of New York, 16 CV 1749 (NG)(RML)

Dear Judge Gershon:

      I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for Defendant City of New York in the above referenced action. In accordance with Section 3(A) of your Honor's Individual Motion Practices, Defendant submits this letter to request a pre-motion conference in anticipation of filing a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (6).[1]

      Plaintiff filed a Complaint with this Court on or about April 12, 2016, seeking monetary damages and prospective relief as a consequence of an *ex parte* closing order sought and obtained by the City of New York in December 2015 against Apartment 4D located at 41-06 12th Street, Queens, New York ("subject apartment"), which allegedly rendered her family temporarily homeless. The temporary closing order was part of an underlying nuisance abatement action that was commenced because of illegal activity observed by members of the New York City Police Department inside of the subject apartment in early 2015. More specifically, on two dates in January 2015, crack cocaine was purchased by a Confidential Informant inside the subject apartment, and on February 6, 2015, drugs and illegal weapons were found inside the subject apartment during a search conducted pursuant to a search warrant. The

---

[1] Defendant's answer to the Complaint is currently due June 23, 2016. Section 3(A) of your Honor's rules states that service of a pre-motion letter constitutes timely service of a motion made pursuant to Federal Rule of Civil Procedure 12(b).

Complaint argues that the *ex parte* order was improperly issued because the illegal activity that served as the predicate for the nuisance abatement action was not committed by Plaintiff or anyone in her family. It further alleges that "if Plaintiff had been able to appear in the State court and provide such information to the judge, the court would never have signed an order sealing her apartment." Complaint at ¶ 60. Accordingly, Ms. Bueno maintains that her procedural due process rights were violated and that she is entitled to a declaration that the City of New York's "pattern and practice" of obtaining *ex parte* residential closing orders violates the Due Process Clause of the United States Constitution.

As stated in the above paragraph, the gist of Plaintiff's due process argument is that she should have been given the opportunity to appear in court to argue against the issuance of the *ex parte* closing order. At the outset, it is important to note that due process *does not* always require a pre-deprivation hearing. See Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011). Rather, due process is a flexible concept and the procedural protections that must be provided depend heavily upon the circumstances. See Matthews v. Eldridge, 424 U.S. 319, 334 (1976); see also Brody v. Village of Port Chester, 434 F.3d 121, 134 (2d Cir. 2005). Relevant to this case, the existence of a public nuisance may obviate the need for pre-deprivation notice and a hearing. See Brancato v. City of New York, 244 F. Supp. 2d 239, 246 (S.D.N.Y. 2003); see also Wyss v. City of Hoquiam, 111 Fed. Appx. 449, 450 (9th Cir. 2004).

Plaintiff was not entitled to any additional process to protect her property interest in the subject apartment. First, a temporary closing order requires the City of New York to demonstrate by "clear and convincing evidence that a public nuisance ... is being conducted, maintained or permitted and that the public health, safety or welfare immediately requires" an order temporarily closing the building, erection or place, or part thereof, where the public nuisance is being conducted, maintained or permitted. See New York City Administrative Code ("Administrative Code") Section 7-709(a).[2] Thus, a justice of the New York State Supreme Court must independently evaluate the papers submitted by the City of New York in support of its motion for a temporary closing order. In this case, Justice Orin R. Kitzes found that the City's submission met the rigorous "clear and convincing evidence" standard. Indeed, it cannot be disputed that the subject apartment constituted a public nuisance under Administrative Code Section 7-703(g) as there were three controlled substance offenses within one year of the December 2015 filing of the nuisance abatement action.[3] This independent review by Justice Kitzes afforded Plaintiff some process and some protection prior to the issuance of the temporary closing order. See United States v. 141st Street Corp., 911 F.2d 870, 875 (2d Cir. 1990).[4]

---

[2] This section also states that a temporary closing order may be granted without notice.

[3] Nuisance abatement proceedings are designed to abate a nuisance occurring at a particular "building erection, or place." See Administrative Code Section 7-703(g). In other words, they are aimed at the place where illegal activity occurs, and not solely the people responsible for the illegal conduct. As such, an injunction can remain in place after the occupants who caused the criminal activity have vacated the premises.

[4] The independent review and decision by Justice Kitzes constitutes an additional barrier to Plaintiff's ability to recover damages for any alleged violation of her due process rights. Section 1983 claims are constitutional torts subject to common-law tort principles. See Wray v. City of New York, 490 F.3d 189,

Continued…

Second, the duration of the deprivation is temporary in nature as Administrative Code Section 7-709(a) requires that a hearing for the preliminary injunction be held no later than three business days from the granting of the temporary closing order. Finally, and perhaps most importantly, the prompt nature of the preliminary injunction hearing (which is often a full evidentiary hearing where witnesses are examined and cross-examined and evidence is presented) provides a robust opportunity to address any alleged error in the granting of the temporary closing order. See id. at 876; Trobough v. City of Martinsburg, 1997 U.S. App. LEXIS 19742, at *8 (4th Cir. 1997) ("Because the City acted to protect its citizens from a nuisance, the Troboughs' procedural due process claim also fails. In situations where a government must act to protect its citizens from a nuisance, the availability of a prompt hearing, subsequent to the action satisfies the demands of due process."); Desi's Pizza, Inc. v. City of Wilkes-Barre, 2006 U.S. Dist. LEXIS 59610, at *57-58 (M.D. Pa. Aug. 23, 2006) (in a similar case, the court rejected plaintiff's argument that defendants violated due process by obtaining an *ex parte* order shutting down Desi's Pizza, reasoning that "adequate procedures [in the form of an evidentiary hearing] existed under state law to remedy the alleged erroneous decision...."). For all these reasons, Plaintiff's First Cause of Action alleging that the Nuisance Abatement Law is unconstitutional as applied fails.

To the extent that Plaintiff's Second Cause of Action constitutes a systemic challenge to the manner in which the City obtains *ex parte* residential closing orders, it must be dismissed for lack of standing. Plaintiff does not allege a sufficient likelihood that she will be injured in the future in a similar way. "To obtain *prospective* relief, such as a declaratory judgment or an injunction, a plaintiff must show, inter alia, 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" Marcavage v. The City of New York, 689 F.3d 98, 103 (2d Cir. 2012) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)) (emphasis in original). The Complaint contains no such allegations. Indeed, the possibility of a similar injury is wildly speculative and conjectural. To establish standing for her declaratory judgment claim, Plaintiff would have to show that if she moves from the subject apartment and if the new apartment that she moves into was previously the focal point of illegal activity, the City of New York would commence a nuisance abatement action and seek an *ex parte* temporary closing order against the new apartment even if she was not involved in the illegal activity. This is simply implausible and the Second Cause of Action must be dismissed for a lack of subject matter jurisdiction.[5]

---

193 (2d Cir. 2007). As such, a plaintiff asserting a Section 1983 claim must establish causation. See Soto v. City of New York, 132 F. Supp. 3d 424, 443 (E.D.N.Y. 2015). In this case, the causal link is broken by the intervening exercise of independent judgment by Justice Kitzes, and, as such, the City's filing of the nuisance abatement action cannot be deemed to be the proximate cause of any injury to Plaintiff.

[5] Even if Plaintiff could establish the existence of a constitutional violation, she must demonstrate that the City of New York is liable for the violation. To do so, Plaintiff must allege that a specific municipal policy, practice, or custom caused the deprivation of her constitutional rights. See Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Plaintiff states that the City has a pattern and practice of seeking *ex parte* residential closing orders without verifying the occupants of the premises or ensuring that criminal activity is continuing therein. See Complaint at ¶¶ 76-77. The Complaint, however, fails to adequately plead a Monell violation. Other than her experience, Plaintiff does not specifically refer to any other nuisance abatement proceeding. It is well established that infrequent or isolated incidents do not amount to a widespread or pervasive practice. See Chepilko v. City of New York, 2012 U.S. Dist.

Continued...

For the reasons stated above, Defendant requests either permission to file a motion to dismiss or a pre-motion conference to discuss such a motion. Thank you in advance for your consideration of this matter.

Respectfully submitted,

*Nicholas Ciappetta*

Nicholas Ciappetta (NC 1014)

cc: Robert Sanderman, Esq.
Ann Biddle, Esq.
Edward Josephson, Esq.
**QUEENS LEGAL SERVICES**
89-00 Sutphin Boulevard, 5th Floor
Jamaica, New York 11435
(via ECF)

---

LEXIS 15110, at *48-49 (E.D.N.Y. Feb. 6, 2012); see also Davis v. City of New York, 228 F. Supp. 2d 327, 346 (S.D.N.Y. 2002); Escobar v. City of New York, 766 F. Supp. 2d 415, 420-21 (E.D.N.Y. 2011); Means v. City of New York, 2016 U.S. Dist. LEXIS 45865, at *14 (S.D.N.Y. Apr. 5, 2016). Thus, the Complaint simply does not contain enough facts to state a Monell claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).